IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN McMASTER, MAUREEN E. GALITZ, and STEVEN E. FAWL,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, UNITED STATES BUREAU OF LAND MANAGEMENT, UNITED STATES FOREST SERVICE, and KENNETH L. SALAZAR, Secretary of the Interior,<br><br>    Defendants. | 2:10-cv-00881-GEB-EFB<br><br><u>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS PLAINTIFFS'<br>FIRST AMENDED COMPLAINT</u> |

        Defendants move for dismissal of Plaintiffs' First Amended Complaint ("FAC") under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiffs allege claims in the FAC under the Administrative Procedure Act ("APA"), the Declaratory Judgment Act ("DJA"), and the Quiet Title Act ("QTA"). Plaintiffs seek declaratory and injunctive relief in this action that would provide them with fee simple ownership of what is known as the Oro Grande mining claim, and the improvements and structures on that claim.

        Defendants also seek dismissal of the FAC under Rule 12(b)(1), arguing Plaintiffs' claims are unripe since Defendants have not prevented Plaintiffs from conducting mining operations at the Oro Grande

mining claim. This portion of Defendants' motion is denied, since it disregards Plaintiffs' allegations that they own both the Oro Grande mining claim and the improvements and structures on this claim.

## I. Legal Standard

To avoid dismissal under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when [its] factual content [is sufficient for] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1951).

When deciding whether a claim has facial plausibility, a court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, this "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss, 572 F.3d at 969 (quoting Twombly, 550 U.S. at 557).

Additionally, Plaintiffs are required in their QTA claims to set forth with particularity "the nature of the right, title, or

interest which [Plaintiffs] claim[] in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d).

## II. Factual Allegations

The following factual background is based on what is alleged in the FAC. Plaintiffs allege they are "co-owner[s]" of the Oro Grande mining claim. (FAC ¶¶ 16-18.) "[T]he Oro Grande mining claim is an approximate 20-acre placer mining claim located approximately 45 miles northwest of Redding, California, along the South Fork Salmon River in the Trinity Alps Wilderness." Id. ¶ 32. Plaintiffs "actively mine the Oro Grande mining claim[.]" Id. ¶ 41. "Incident to, and in furtherance of, the mining operations, three structures have been erected on the Oro Grande mining claim: a cabin, a workshop, and an outhouse." Id. ¶ 42.

"On August 14, 1992, Plaintiffs filed an application for patent of the Oro Grande mining claim." Id. ¶ 46. "On December 1, 1994, the Secretary of the Interior issued [a] First Half Mineral Entry Final Certificate[,]" and on October 3, 2008, the Bureau of Land Management ("BLM") "issued Plaintiffs a patent for the Oro Grande mining claim." Id. ¶¶ 51, 71. The BLM cancelled and reissued this patent on February 10, 2009 ("2009 patent"), to correct "an error in the patent number and missing language[.]" Id. ¶ 71. The newly-issued patent conveyed "only the mineral deposits within [the] . . . Oro Grande mining claim[,]" and reserved to the United States "[a]ll title in or to the surface estate and products thereof[.]" Id. ¶¶ 72-73 (internal quotation marks omitted). However, Plaintiffs allege they are entitled to fee simple title to the Oro Grande mining claim, and to "ownership of the improvements and structures located on the Oro Grande mining claim." Id. ¶¶ 175, 181.

## III. Discussion

**A. Plaintiffs' APA and DJA Claims**

Defendants argue Plaintiffs' APA claims should be dismissed under the law of the case doctrine based on the following holding in this Court's dismissal Order filed September 10, 2010: "the [QTA], not the APA, [is] the 'exclusive' mechanism for asserting an interest in lands to which the United States claims title." (Defs.' Mem. in Supp. of Mots. to Dismiss 6.) "Under the [law of the case] doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court . . . in the identical case." United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000). "For the doctrine to apply, the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'" Id. (quoting Liberty Mut. Ins. Co. v. EEOC, 691 F.2d 438, 441 (9th Cir. 1982)).

Plaintiffs allege in their APA claims that they are entitled to fee simple title to the Oro Grande mining claim, and that the United States asserts this same ownership interest. Since the Court held in the September 10, 2010 Order that "[t]he QTA is *the exclusive means* by which adverse claimants [may] challenge the United States' title to real property[,]'" the law of the case doctrine precludes the Court from reexamining this issue. McMaster v. United States ("McMaster I"), No. 2:10-cv-00881-GEB-EFB, 2010 WL 3582555, at *3 (E.D. Cal. Sept. 10, 2010) (quoting Block v. N. Dakota ex. rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 286 (1983)). Therefore, Plaintiffs' APA claims are dismissed.

In addition, the Court sua sponte dismisses Plaintiffs' DJA claims. Plaintiffs challenge the United States' title to real property in the DJA claims, and the September 10, 2010 Order implicitly ruled that the DJA cannot be used to challenge the United States' title to

real property. See McMaster I, 2010 WL 3582555, at *3 (stating the QTA is "*the exclusive means*" to challenge the United States' title to real property); Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) (stating "[a] trial court may dismiss a claim sua sponte under [Rule] 12(b)(6) . . . . without notice where the claimant cannot possibly win relief.").

Further, Plaintiffs' APA and DJA claims are dismissed with prejudice since it is evident these claims are not actionable.

**B. Plaintiffs' QTA Claims**

Defendants also argue Plaintiffs' QTA claims should be dismissed because they are barred by the September 10, 2010 Order. The Court stated in that Order that under the Wilderness Act of 1964 and California Wilderness Act of 1984, Plaintiffs were not entitled to a patent conveying fee simple title to the Oro Grande mining claim, or to the improvements and structures on that claim, unless Plaintiffs had a "valid existing right[]" to such a patent on or before September 28, 1984; otherwise, Plaintiffs only were entitled to the "mineral deposits within the claim[.]" McMaster I, 2010 WL 3582555, at *5 (quoting 16 U.S.C. § 1133(d)(3)). The Court further stated that Plaintiffs did not acquire any right to a patent until 1992--the year Plaintiffs allege they filed a patent application--since "'[t]he right to a patent accrues when the claimant has filed a proper patent application and has paid his fee . . . .'" Id. at *6 (quoting Swanson v. Babbitt, 3 F.3d 1348, 1353 (9th Cir. 1993)). The Court also stated that since Plaintiffs did not acquire a right to a patent until 1992, "Plaintiffs were only entitled to a patent conveying 'title to the mineral deposits within the claim.'" Id. (quoting 16 U.S.C. § 1133(d)(3)).

Plaintiffs allege in the FAC that they are entitled to a patent conveying fee simple title to the Oro Grande mining claim, and "ownership of the improvements and structures located on the Oro Grande mining claim." (FAC ¶¶ 175, 181.) However, Plaintiffs also allege in the FAC that they did not file a patent application until 1992. Id. ¶ 46. Based on Plaintiff's allegation in the FAC that they did not file a patent application until 1992, and the Court's previous ruling in McMaster I that "Plaintiffs [are] only entitled to . . . 'title to the mineral deposits within the claim'" since they did not file a patent application until 1992, Plaintiffs' QTA claims will be dismissed with prejudice. McMaster I, 2010 WL 3582555, at *6 (quoting 16 U.S.C. § 1133(d)(3)).

The dismissal is with prejudice since Plaintiffs failed to amend their allegation concerning the 1992 filing date of their patent application even though they were previously granted leave to make such an amendment. Therefore, it is evident that any further amendment by Plaintiffs "would be futile, [and] there [is] no need to prolong the litigation by permitting further amendment." Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002).

### IV. Conclusion

For the stated reasons, Plaintiffs' FAC is dismissed with prejudice, and judgment shall be entered in favor of Defendants.

Dated:  September 1, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

6